

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2005

# McKnight v. Hartford Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2772

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"McKnight v. Hartford Ins Co" (2005). *2005 Decisions.* Paper 54.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/54

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-2772

LEROY McKNIGHT,
                              Appellant

v.

HARTFORD INSURANCE COMPANY;
MARA LEYZIN; ANNA DUBYANSKITE; NAZARETH HOSPITAL;
ALGONO GARDEN APARTMENTS; CITY OF PHILADELPHIA;
COLONIAL POINT APARTMENTS; HARVEY FORMAN;
HERBERT FRANK; CRAIG FRANKIL; ABRAHAM HORN;
INDEPENDENCE BLUE CROSS; JEFFERSON HOSPITAL;
ALAN MERMELSTEIN; JERRY MURPHY;
UNIVERSITY OF PENNSYLVANIA HOSPITAL

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-00492
(Honorable Robert F. Kelly)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2005

Before:  SCIRICA, Chief Judge, FISHER and ALDISERT Circuit Judges

(Filed December 22, 2005 )

OPINION OF THE COURT

PER CURIAM.

Leroy McKnight commenced this action by filing a pro se complaint which he amended on March 11, 2005, to name a total of sixteen defendants, including doctors, hospitals, insurance companies, the City of Philadelphia, and an apartment complex in which he resided. McKnight leveled numerous allegations, but his claims essentially revolved around an untreated mold condition in his apartment, the allegedly negligent treatment he received for a Hepatitis C infection, and the allegedly negligent performance of a cardiac catheterization– and a sense that each of these events are connected and part of an ongoing wrong. McKnight seemed to request compensatory damages, see Amended Complaint at 1, and he further asked the District Court "to vacate" an earlier judgment entered by the Philadelphia County Court of Common Pleas in favor of certain of the named defendants.

By Order entered May 11, 2005, the District Court granted the motions of several defendants and dismissed the amended complaint for lack of subject matter jurisdiction. The Court observed that while McKnight labeled his action as a "civil rights claim," he did not allege any state action on the part of any defendant or any conduct in violation of his constitutional or federal statutory rights. In addition, the District Court noted an absence of a complete diversity of citizenship between McKnight and the defendants as required for jurisdiction under 28 U.S.C. § 1332. McKnight timely filed this appeal.

2

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Our review is plenary over a dismissal for lack of subject matter jurisdiction. In re Kaiser Group Intern. Inc., 399 F.3d 558, 561 (3d Cir. 2005).

After a careful review of the record and the parties' contentions, we will affirm for the reasons accurately stated by the District Court. McKnight's allegations as set forth in his amended complaint made it clear that the District Court had neither federal question jurisdiction pursuant to 28 U.S.C. § 1331, nor jurisdiction based upon a diversity of citizenship.

With regard to diversity jurisdiction, McKnight seems to argue that he should have been permitted to proceed with his cause of action against certain defendants individually, noting, for example, that he has a diverse citizenship from defendant Hartford Insurance Company. See Appellant's Br. at 1, 3, 5. It is settled law, however, that jurisdiction under § 1332 requires complete diversity of citizenship– "that is that no plaintiff can have the same state citizenship as any of the defendants." Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt., 316 F.3d 408, 410 (3d Cir. 2003) (citations omitted). McKnight does not dispute that complete diversity is absent here– indeed, the majority of the sixteen named defendants are citizens of Pennsylvania, like McKnight.

Finally, to the extent that McKnight asked the District Court to vacate the adverse judgment entered by the Philadelphia County Court of Common Pleas, his suit is barred by the Rooker-Feldman doctrine. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.,

3

125 S. Ct. 1517 (2005); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).

In short, upon finding that it lacked a jurisdictional foundation from which it could reach the subject matter of McKnight's claims, the District Court properly dismissed the amended complaint. Consequently, we will affirm the District Court's judgment. Appellant's motion to supplement the record is granted.